# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Ashley I, LLC,<br><br>　　　　　　　　Debtor. | Case No. 16-00559-dd<br>Chapter 11 |
| In re :<br><br>Ashley II of Charleston, LLC,<br><br>　　　　　　　　Debtor. | Case No. 16-00560-dd<br>Chapter 11 |

### LIMITED OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CASES

The United States Trustee (the "UST") files this limited objection to the above-referenced Debtor's Motion for an Order Directing Joint Administration of Related Chapter 11 Cases (the "Joint Administration Motion"). The UST files this limited objection pursuant to the authority granted to her by 28 U.S.C. § 586 and 11 U.S.C. § 307.

### **FACTS**

1. Ashley I, LLC and Ashley II of Charleston, LLC (collectively, the "Debtors") filed for Chapter 11 bankruptcy relief on February 8, 2016 (the "Petition Date"). The Debtors are operating their businesses and managing their assets as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors began acquiring property in 2002 for the purpose of developing a multi-use real estate development as a proposed urban infill project along the Ashley River in the Neck area of Charleston and North Charleston, South Carolina.

1

3. The current Debtors' property holdings consist of a total of approximately 182 acres. Ashley I, LLC's Schedule A/B reflects ownership in 10 parcels of real estate with a total estimated value of $5,165,291.00. Ashley II of Charleston, LLC's Schedule A/B reflects ownership in 23 parcels of real estate with an estimated value of $8,537,495.00.

4. The Columbia Nitrogen Site, which makes up approximately 33 acres of the real property owned by Ashley II of Charleston, LLC, has been designated by the Environmental Protection Agency (the "EPA") as a Superfund site. Ashley II of Charleston, LLC's ownership of the Columbia Nitrogen Site has been wrought with years of both federal and state court litigation that remains ongoing as of the Petition Date.

5. Magnolia/ARC Lender, LLC ("MARC") is the successor in interest to Bank of America, N.A., the Debtor's pre-petition lender under certain pre-petition loans. MARC asserts that it is owed an amount equal to $18,638,332.65 on its pre-petition loans extended to both Debtors, secured by first priority mortgages and security interests in and to substantially all of the Debtors' assets, except unencumbered funds of $337,324.00 which are presently held in an escrow account.

6. Aside from the secured debt held by MARC, the Debtors have different creditors. More specifically, Ashley I, LLC's Schedules reflect that Ashley I, LLC's debts consist of $7,546.14 in unsecured, undisputed debt and $74,104.68 in undisputed priority tax debt.

7. Ashley II of Charleston, LLC's Schedules, on the other hand, reflect that, aside from MARC's secured debt, the EPA also asserts a lien against Ashley II of Charleston, LLC's Columbia Nitrogen Site in the amount of approximately $3.7 million. Moreover, Ashley II of Charleston, LLC has $592,234.04 in liquidated, undisputed debt. Included in that amount is a scheduled claim in the approximate amount of $487,500.00 related to a contractual obligation

from the closing of Ashley II of Charleston, LLC's sale of the former Macalloy site in 2007. These funds are apparently being held for the benefit of another, and the Debtors have indicated that it is their intention to file a motion to pay the funds that are being held to the appropriate parties.

8. In addition, Ashley II of Charleston, LLC's Schedules reflect contingent and/or disputed claims for 21 unsecured creditors that may have claims related to environmental indemnities (the "Indemnity Claims") negotiated during the purchase of Ashley II of Charleston, LLC's real estate holdings. The Indemnity Claims are contingent to the extent that conditions precedent to the contractual indemnity provision have not occurred. Ashley II of Charleston, LLC has also scheduled a contingent, disputed and unliquidated claim for PCS Nitrogen, Inc. ("PCS"). Any claim by PCS is subject to set off by a $142,617.02 judgment that Ashley II of Charleston, LLC has against PCS.

9. On the Petition Date, the Debtors filed a motion seeking the establishment of bidding procedures for the sale of substantially all of the Debtors' properties. The Debtors' Motion for the Sale of the Assets proposes to sell, subject to higher and better offers, all properties of Ashley I, LLC and Ashley II of Charleston, LLC to MARC, with the exception of the Columbia Nitrogen Site, which will be sold at a later date. MARC's current "stalking horse bid" is for a purchase price of approximately $16,225,000, consisting of $1,750,000 in cash, a credit bid in the amount of $14,000,000.00, plus satisfaction of the Debtor in Possession Loan made by MARC, which approval is also being sought, in the estimated amount of $475,000.00.

10. On the Petition Date, the Debtors also filed the Joint Administration Motion, which states that the substantive rights of creditors will not be affected and that supervision aspects of the cases will be simplified. More specifically, the Joint Administration Motion

provides that "[t]he rights of creditors of each of the debtors will not be adversely affected by joint administration of these cases . . . To the extent that proofs of claim are required to be filed, each creditor shall be entitled to file a claim against the particular estate that is indebted to such creditor." Moreover, as part of the joint administration sought in the cases, the Debtors seek authorization for bankruptcy counsel to file fee applications and to charge fees as though Ashley I and Ashley II are one and the same.

## OBJECTION

The Joint Administration Motion seeks to have the cases of the Debtors jointly administered. Similar requests for relief are routinely granted in Chapter 11 cases and often serve a useful purpose in increasing administrative efficiencies and preserving limited judicial resources. This may not be the case here. The Motion states that substantive rights will not be affected and that supervision aspects of the cases will be simplified, but it is not clear that these assertions are correct.

To date, the Debtors have filed a bidding procedures motion and a sale motion, to be heard at a later time, which in essence propose to sell certain properties owned by both Ashley I, LLC and Ashley II of Charleston, LLC to MARC for a purchase price totaling approximately $16,225,000.00. While MARC appears to be acquiring the properties with no environmental issues through the proposed sale, the environmentally contaminated properties, or the properties that have issues with the EPA, will be either sold at a later date or the transfer of the title of those properties to MARC is conditioned on various contingencies that will occur over the course of five years. The sale of the properties owned by both Debtors will result in one single pot of funds ($1,750,000) to be apportioned among the creditors of both Debtors, however, it is not clear how the value of the various properties will be apportioned or how the money will be

distributed to the various creditors. What is clear is that aside from MARC, none of the Debtors' creditors are the same and it is unclear at this point what proofs of claim will be filed.

From an administrative efficiency standpoint, it is also not clear how the joint administration in these cases would accomplish that. First, the UST would request that monthly operating reports be filed in each case even if the cases were jointly administered. It is not clear, however, how the sale of the respective Debtors' assets and distributions would be accounted for given the commingling of the funds through the sale and how the disbursements to creditors would be apportioned for purposes of calculating quarterly fees owed to the UST. Moreover, while the Debtors indicate that creditors would still need to file a claim against the particular Debtor's estate that is indebted to such creditor, the question remains of how the money will ultimately be apportioned amongst them.

The Debtors allege that they are not seeking to affect the substantive rights of the creditors, however, the result of what they are seeking is in essence to substantively consolidate the Debtors' estates. The case is proceeding down a path where the Debtors' assets will be sold in bulk, without a set mechanism to separate or apportion the proceeds by estate. This will inevitably result in the entanglement of the estates' finances to a point that there is no option but to substantively consolidate the estates. The fact that the Joint Administrative Motion also seeks to file one fee application for both Debtors and, as reflected in the Statements of Financial Affairs and the Rule 2016 Disclosures, Ashley II of Charleston, LLC paid the Debtors' attorneys a $75,000 retainer for the work performed in Ashley I, LLC is further indicia that the estates are being consolidated more than simply administratively.

To the extent that the ultimate result or effect is to substantively consolidate the estates, the Debtors must file the appropriate motion seeking that relief, upon notice and a hearing, and

5

meet their burden to prove that substantive consolidation is appropriate under the circumstances of these cases. "Substantive consolidation can significantly affect creditors' rights in a bankruptcy case; as a result, it should be used sparingly and should not be granted simply for purposes of procedural convenience." In re City Loft Hotel, LLC, 465 B.R. 428, 433 (Bankr. D.S.C. 2012). See also In re Gyro-Trac, Inc., 441 B.R. 470, 487 (Bankr. D. S.C. 2010); In re Derivium Capital, LLC, 380 B.R. 429, 441-42 (Bankr. D. S.C. 2006).

Here, the Debtors have not thus far presented sufficient evidence – nor even specified in the motion the underlying effect of the request – to satisfy their burden of proof to show that (a) the Debtors' creditors dealt with the Debtors as a single economic unit and did not rely on their separate identity in extending credit, or (b) the affairs of the debtor are so entangled that consolidation will benefit all creditors. In re City Loft Hotel, LLC, 465 B.R. at 433 (adopting the test in Augie/Restivo Baking Co., 860 F.2d 515, 518 (2d Cir. 1999)). In order to seek the relief the Debtors are seeking, which has the ultimate effect of substantively consolidated the two estates, the Debtors should provide evidentiary support to overcome these hurdles.

To the extent that the Court is inclined to approve the Joint Administration Motion, the United States Trustee respectfully requests that the Debtors be required to (a) maintain separate books and records, (b) file separate monthly operating reports which separate the income and disbursements of creditors by each respective Debtor, and (c) file one fee application which separates the services performed for each estate, if applicable.

WHEREFORE, the UST requests that the Court enter an order denying the Joint Administration Motion, and/or granting joint administration under the conditions specified in this Objection or such other and further relief as is just and appropriate.

[SIGNATURE ON THE FOLLOWING PAGE]

                                JUDY A. ROBBINS
                                United States Trustee, Region 4

 By:   /s/ Elisabetta G. Gasparini
Elisabetta G. Gasparini
Trial Attorney, Id. 11548
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5227
(803) 765-5260 (facsimile)
elisabetta.g.gasparini@usdoj.gov

Date: February 12, 2016

CERTIFICATE OF SERVICE
Case No: 16-00559-dd
Case No. 16-00660-dd

  I, the undersigned, do hereby certify that on the February 12, 2016, I served the below-named parties with copies of the following documents:

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO DEBTORS'
MOTION FOR JOINT ADMINISTRATION OF CASES**

by e-mailing copies on the following parties:

G. William McCarthy, Jr., Esq
Harrison Penn, Esq.
Julio E. Mendoza, Esq.

            By: /s/ Elisabetta G. Gasparini
            Elisabetta G. Gasparini
            Trial Attorney
            Office of the United States Trustee
            1835 Assembly St., Suite 953
            Columbia, South Carolina 29201
            (803) 765-5227
            (803) 765-5260 (facsimile)
            elisabetta.g.gasparini@usdoj.gov

Date: February 12, 2016.